JUDGE DUVALL
delivered the opinion of the court:
George A. Smith and Tabitha, his wife, executed to Samuel and Edward Long a bond for the conveyance of a tract of land containing one hundred and thirty acres, which had descended to the heirs at law of Peter Ellis, deceased, eleven in number, of whom Mrs. Smith was one. The bond is dated the 15th February, 1849.
This action was instituted by the two Longs, to enforce a specific execution of the contract.
Smith and wife answered, the latter claiming to be entitled, as one of the heirs at law of her father, to one eleventh of the tract of land mentioned in the bond, and to the rents and profits thereof during the time the plaintiffs have had it in possession. She prayed for a partition of the tract, and for an allotment to her of her share, and also for a judgment for the rents and profits.
*487 It appears from the record that a commissioner was appointed, by consent of the parties, to allot to Mrs. Smith one eleventh part of the land in contest, and to take an account of the rents and profits of the same whilst in the possession of the plaintiffs ; but it was agreed that “ this consent does not admit the right of defendant Tabitha to rents and profits.” The commissioner reported, fixing the value of the rents at $1-96 98.
Pending the action, Smith and wife conveyed to the plaintiffs, for the consideration of $375, the interest of the latter in the land, after it had been alloted by the commissioner. • ■
Upon final hearing, the court below was of opinion that as the plaintiffs had acquired the possession of the land under their contract of purchase, evidenced by the bond referred to, they were not liable for rents, and accordingly dismissed the claim of Mrs. Smith to that extent. To reverse that judgment she and her husband have appealed.
The record presents no plausible ground upon which her claim to rents can be maintained.
Prior to the passage of the act of 1846, giving further protection to the rights of married women, (Sess. Acts, 1846, p. 43,) the well settled doctrine was, that by the marriage the husband acquired an estate for the life of the wife, or during cover-ture, in lands owned by her, and if he sold her lands, although her inheritance would not pass by such sale, yet it invested the purchaser with the husband’s interest, and with the right of possession which was incidental to it. (McClain vs. Gregg, 2 Marsh., 455.) By the 3d section of the act referred to, it was provided that in no case should the curtesy or life estate of the husband in the lands of the wife, be sold by process of law, except after the death of the wife, the husband surviving.
By the provisions of the Revised Statutes,however, this marital right of the husband has been very essentially modified. Sec. 1 of art. 2 (p. 387) declares that marriage shall give to the husband, during the life of the wife, no interest in her real estate, except the use thereof, with power to rent the real estate for not more than three years at a time. Nor shall such real estate, or the rent thereof, be liable for any debt of his, whether incurred before or after marriage, but shall be liable for her *488 debts, incurred before marriage, and for such contracted after marriage, on account of necessaries for herself or any member of her family, her husband included, as shall be evidenced by writing signed by her and her husband.
There is certainly nothing either in the terms or policy of ■this statute which can be supposed to authorize the claim asserted in this case. The statute was not intended to convert •the rents and profits of the wife’s lands into a separate estate, for her exclusive use and benefit, and subject to her exclusive control and dominion, without regard to the circumstances of herself and husband, or of their family. The only object of the restriction upon the power of the husband, as it respects the period for which he may rent the real estate, evidently was to secure more effectually to the wife the exercise of her right of appropriating the rents and profits in the purchase of necessaries for herself and family, and also of her further right to demand of the chancellor an equitable settlement upon herself, out of the rents and issues of her real estate, whenever she may present a state of case which would authorize such equitable remedy.
No such state of case is presented by the record before us. Mrs. Smith alleges that she “is now without a home of her own,” and that the most of her children are small and helpless. Assuming these facts to be true, they by no means authorize even an inference that she and her husband are not in the enjoyment of a comfortable independence, or even of wealth, and constitute no sufficient ground for an equitable settlement upon the wife to the prejudice of the just claims of the ven-dees of the husband, under whom the former took possession in good faith as purchasers, and have so held ever since^-
We are unable to perceive any aid which the claim in contest can derive from the consent of the appellees to a par-: tition of the land, when the same order expressly recites that such consent is not to operate as an admission of the right of the wife to rents and profits.
There appearing no other error in the judgment complained of to the prejudice of either appellants, it is affirmed.