GEORGE W. GERRISH *vs.* GEORGE N. BLACK, executor.

In a suit in equity to redeem land from a mortgage, if in his answer the mortgagee includes the mortgage debt and interest in an account of the amount which he claims as due on the mortgage, the mortgagor has a right, under the eighteenth rule in equity, to amend his bill so as to allege usury in the original contract.

HOAR, J. The court are of opinion that the plaintiff in this suit in equity was entitled to file the amendment which he offered to his bill, as a matter of right, under the eighteenth rule in equity.

He made the motion to amend upon the coming in of the answer, and his motion was disallowed. He had the right to appeal from this ruling within thirty days, and that would have been the regular and proper course. But within the thirty days he renewed his motion, and the question whether he had a right to make the amendment was reserved by the justice before whom the motion was made, for the consideration of the whole court. We do not understand that the question reserved was whether a motion once overruled can be repeated; but that the question, whether the plaintiff had a right to his amendment when he first offered it, was reserved by the judge, instead of leaving him to his remedy by appeal.

The eighteenth rule in equity provides that "upon the coming in of the defendant's answer, if the complainant shall find it necessary to amend his bill in order to meet the case made by the defendant's answer, he may do so," &c. The plaintiff in this suit brings a bill in equity to redeem a mortgage, offering to pay whatever may be found due upon it. The answer of the defendant admits the right to redeem if the plaintiff is seised of the equity of redemption, and claims an amount as due upon the mortgage according to an account which he states, including the mortgage debt and interest thereon. It also admits that he has taken possession of the mortgaged premises, and holds them for the purpose of foreclosure.

The amendment of the bill, which the plaintiff thereupon proposes, consists in an allegation of usury in the contract for which the mortgage was given, and which was not alleged originally in the bill.

Whether this allegation should have formed a part of the case first stated in the bill, or is strictly for the first time made necessary to meet the case made by the answer, depends upon the construction to be given to our statutes relating to usury, and to the redemption of mortgages; and is, we think, determined by the principles stated in *Hart* v. *Goldsmith*, 1 Allen, 145, and affirmed in *Smith* v. *Robinson*, 10 Allen, 130.

No penalty was incurred upon a usurious contract under the statute, except in two cases. When usury had been actually paid, threefold the amount could be recovered back in an action or bill in equity brought for that purpose within the time limited by law. If usury had not been paid, and a party sought to enforce the usurious contract, the usury could be set up as a defence, and the amount of the penalty deducted from the sum due upon the contract. In *Hart* v. *Goldsmith* it was held that the fact of usury was available in the same manner and to the same extent in favor of a plaintiff in a bill in equity to redeem a mortgage, as by a defendant in an action upon the note which the mortgage was given to secure. The doctrine was briefly restated in *Smith* v. *Robinson* in these words: " That in a suit in equity to redeem a mortgage, if the defendant by his answer

claims the performance of the usurious contract, he is to be considered an actor within the meaning of the statute, and the mortgagor is entitled to the benefit of the forfeiture for usury in reduction of the sum payable upon the mortgage, exactly as he would have been if the defendant had brought an action to foreclose."

When the defendant to this bill set up in his answer the usurious contract, that is, when he asserted his right to a payment under it as a condition precedent to the plaintiff's right to redeem, he became an actor, asserting and attempting to enforce the contract tainted with usury, and the plaintiff for the first time was called upon to allege the usury, strictly " to meet the case made by the defendant in his answer." He had therefore the right to his amendment within the terms of the eighteenth rule in equity. *Amendment allowed.*

*B. J. Gerrish,* for the plaintiff.

*R. D. Smith,* for the defendant.