GEORGE W. GERRISH *vs.* GEORGE N. BLACK, executor.

A plaintiff bringing suit to redeem a mortgage, without a previous tender or excuse for the omission, under Gen. Sts. c. 140, § 1, is liable for costs, although the defendant be adjudged to forfeit, under Gen. Sts. c. 53, § 4, threefold unlawful interest.

BILL IN EQUITY to redeem a mortgage given by the plaintiff to the defendant's testator. To the original bill the defendant answered, that the full amount of the note secured by the mortgage, with interest, was due and must be paid before redemption.

The plaintiff then amended his bill, alleging usury in the making of the note and mortgage. This amendment was allowed by the court, as reported 99 Mass. 315. The defendant still claimed the full amount of his note and interest, and the case was committed to a master to find the amount due, and to be paid on redemption by the plaintiff. A hearing was had before the master, who found the fact of usury as alleged. This report was excepted to, upon the ground that it was against law, and not justified by the evidence. The exceptions were heard by the whole court, the evidence being reported in full by the master, and the findings of the master were affirmed as to the usury, and three times the amount of the usury found was adjudged to be deducted from the amount due on the mortgage note. 104 Mass. 400. The case was again committed to a master to state an account based on the opinion of the full court, and to make the deduction of three times the amount of the usury.

The master made a second report, stating an account upon the principles established by the court, which was not excepted to by either party. The fact was found by the master in his first report, and affirmed by the court, that the plaintiff had made no demand on the defendant for an account before bringing his bill to redeem. Both the plaintiff and the defendant moved for costs. A decree was made permitting the plaintiff to redeem on payment of a fixed sum before a certain day, which was complied with, and the mortgage was redeemed. In the same decree it was ordered that the question of costs to either party should be reserved for the full court on the report of the presiding justice. And it was so reserved by *Colt,* J.

*J. G. Abbott,* for the plaintiff.

*R. D. Smith,* (*H. W. Paine* with him,) for the defendant.

WELLS, J. By Gen. Sts. *c.* 140, § 21, if a suit for redemption of a mortgage " is brought without a previous tender, and it appears that anything is due on the mortgage, the plaintiff shall pay the costs of suit, unless it appears that the defendant has unreasonably refused or neglected, when requested, to render a just and true account : " or " that he has otherwise, by his default, prevented the plaintiff from performing or tendering per-

formance of the condition before the commencement of **the**
suit."

The report states the fact to have been found, " that the plain-
tiff had made no demand on the defendant for an account before
bringing his bill to redeem." From this we infer that there was
no tender, and no excuse for not making a tender. The defend-
ant is entitled to costs, then, unless this explicit provision of the
statute is controlled by some other necessarily inconsistent pro-
vision of law. The plaintiff relies on the statute relating to
usury, upon which the controversy in this case has mainly turned.
Gen. Sts. *c.* 53, § 4.

So far as that is a statute regulating costs, it only applies to
actions brought by the creditor to enforce his contract. And
although it may control, or at least guide the discretion of the
court, upon a bill by the debtor to redeem, in all cases where the
costs are within its discretion ; *Smith* v. *Robinson*, 10 Allen, 130 ;
it cannot control the express and special provision of the statute
regulating this proceeding. In *Minot* v. *Sawyer*, 8 Allen, 78, it
was held that a suit by the creditor to foreclose a mortgage was
an action on the contract, such as to entitle the defendant to
costs, he having prevailed upon a plea of usury, in the hearing to
determine the amount of the conditional judgment. But costs,
in a writ of entry to foreclose a mortgage, are governed by the
general rule which gives costs to the prevailing party, " except
in those cases in which a different provision is made by law."
Gen. Sts. *c.* 156, § 1. The provisions of Gen. Sts. *c.* 140, § 5,
must have been regarded as intended merely to direct the form
of entering judgment, including costs, when costs are recover-
able, and not to give the right of recovery.

The plaintiff contends, however, upon the Gen. Sts. *c.* 53, § 4,
that it is not a mere provision regulating costs, but that the costs
are a part of the penalty imposed by the statute ; and that as
such he has the same right to exact it, whatever the form of pro-
ceeding, as he has to exact the penalty.

There is much force in this view of the case. But we are
drawn to the opposite conclusion, mainly from the difference
made in the statute itself, in the manner of disposing of the two.

The threefold penalty is deducted from the debt, and the plaintiff has judgment for the balance ; while the defendant has a separate judgment for his costs. *Brigham* v. *Marean*, 7 Pick. 40. *Mansur* v. *Wilkins*, 1 Met. 488. The defendant "shall recover his full costs," and the plaintiff " shall forfeit threefold " the unlawful interest.

This difference, both in the form of imposition and in the manner of recovery, indicates that the costs are given only as an incident of the suit, to the party prevailing on the special issue. Regarding them in that character, we think the statute under which this suit is brought, by its explicit provisions as to costs, must govern this case.

It has indeed been decided in this suit at a former stage, 99 Mass. 315, and 104 Mass. 400, and in *Hart* v. *Goldsmith*, 1 Allen, 145, that the defendant, in a bill in equity to redeem land from a mortgage, by insisting upon his usurious contract becomes an actor in the suit, so far as to subject himself to the penalty of the statute, and to have threefold the amount of usurious interest deducted from his debt. To that extent the rule is necessary in order that the amount of the debt, for which the mortgage may be held, shall be the same in whichever mode it is to be ascertained ; and it does not conflict with any other provision of law. To extend it further to the recovery of costs would bring it into direct conflict with the express provisions of the statute regulating costs upon bills to redeem. The statute of usury does not require this, and by its very terms, as before suggested, enables the two statutes to be construed together in harmony, each having its full effect. In each case the costs will be imposed in accordance with the statute which regulates the mode of proceeding. *Costs for the defendant.*