Nolle vs. Thompson, &c.

---

CASE 30————————SEPTEMBER 13.

## Nolle vs. Thompson, &c.

<div style="float:right">3me121<br>103 561</div>

**APPEAL FROM THE GREENUP CIRCUIT COURT.**

A defendant against whom an attachment issued in an action for the recovery of a debt, cannot set up, as a counter-claim in his answer and cross-petition to the action, a claim for damages sustained by him by reason of the malicious suing out and levy of the attachment, although he allege that the plaintiff is a non-resident and has no property in the State out of which to make the damages claimed except the debt sued for in the action. Such a defense has not the requisites of a counter-claim. (*Civil Code, sec.* 126.)

It is well settled, that no action will lie on an attachment bond, or for maliciously suing out an attachment, until the attachment shall have been discharged; and such final disposition of it must be alleged.

E. F. DULIN, for appellant, cited *Civil Code,* sec. 259, 224, 11, 125, *sub-sec.* 4; 2 *Duer,* 642; 15 *B. Mon.,* 460; *Civil Code, sec.* 299; *Story's Eq.,* sec. 937, *b.*

W. C. IRELAND, for appellees, cited *Civil Code, art. 2 of chap. 3, pages* 70, 71; *Ib., sec.* 11, 291, 126; 12 *B. Mon.*, 553.

W. H. WADSWORTH, on same side, cited *Civil Code, sec.* 11; 3 *Mon.*, 209; 12 *B. Mon.*, 553; 1 *Hilliard on Torts*, 494–5; 11 *Ala.*, 302.

JUDGE DUVALL DELIVERED THE OPINION OF THE COURT:

Thompson &c. sued Nolle upon a note which was not due at the commencement of the action. With their petition they filed an affidavit, alleging that the defendant was about to sell, convey, or otherwise dispose of his property, with the fraudulent intent to cheat, hinder, and delay his creditors, &c., on which affidavit an attachment issued, and was levied on the property of the defendant.

The defendant filed an answer, controverting the grounds of the attachment, but setting up no defense to the action, and upon notice to the plaintiffs he subsequently moved the court to discharge the attachment, which motion was continued at the instance of the plaintiffs, upon their affidavit.

The plaintiffs afterwards filed an amended petition, alleging that the note sued on had become due, and praying judgment for the debt. Thereupon the defendant filed an answer and cross-petition, in which it is alleged, in substance, that the plaintiffs had vexatiously, maliciously, and without probable cause, sued out an attachment, which they had caused to be levied upon his property, whereby he had been greatly injured in his business, credit, and character, and had sustained damages to the amount of $4,000; that the plaintiffs are non-residents, and had no property in this State, out of which he could make the damages claimed, except the debt sued for in the action, and he therefore prayed judgment, by way of counter-claim, for $4,000 in damages, &c.

To this answer and cross-petition the plaintiffs demurred, but the court overruled their demurrer.

Other pleadings were filed, and various other steps taken in the cause, which it is unnecessary to notice, until, finally, the court below, on motion of the plaintiffs, reconsidered its decision upon the demurrer to the defendant's answer and counter-

claim, and sustained the demurrer, dismissed the counter-claim, and rendered a personal judgment against the defendant for the debt claimed in the petition. The motion to discharge the attachment was again continued at the instance of the plaintiffs, until the next term.

The defendant excepted to these various orders, and by this appeal seeks to reverse the judgment upon various grounds. The point mainly relied upon is, that the court erred in finally deciding as it did, in effect, that the matters set up in the defendant's answer and cross-petition did not present a valid counter-claim or other sufficient defense to the action.

A counter-claim, as defined by the Civil Code, is "a *cause of action* in favor of the defendants, or some of them, against the plaintiffs, or some of them, arising out of *the contract* or *transactions* set forth in the petition, *as the foundation of the plaintiff's claim*, or connected with *the subject of the action.*" (*Sec.* 126.)

Now the "*cause of action*" attempted to be set out in the answer under consideration, did not arise "out of the *contract*" set forth in the petition as the foundation of the plaintiffs' claim. Nor can it be said to have arisen out of any *transactions* set forth in the petition as the foundation of the action. On the contrary, the matters alleged in the counter-claim are wholly foreign to any thing constituting the *foundation* or *subject* of the plaintiffs' claim. The debt due upon the note sued on constitutes the only *foundation* or *subject* of the action, and the facts set up in the answer have no connection with that debt, but relate exclusively to the remedy or mode of proceeding adopted by the plaintiffs to enforce the collection of their debt. Under no construction of this provision of the Code, however liberal, can it be regarded as authorizing a defense such as is attempted to be set up here. But in addition to this, the record shows that the attachment was pending at the time the defendant attempted to assert his right of action, by way of counter-claim, and it is well settled that no action will lie on an attachment bond, or for maliciously suing out an attachment, until the attachment shall have been discharged; and such final disposition of it must be alleged. (*Spring vs. Besore,* 12 *B. Mon.,* 553, *and other cases decided since.*)

The court below, therefore, upon both grounds, properly sustained the demurrer to the answer and dismissed the counterclaim.

In answer to the objections which relate to the sufficiency of the order of attachment, the attachment bond, &c., it is sufficient to say, that the motion to discharge the attachment is still pending in the court below, and there is therefore no question before this court upon either of the points insisted upon by the appellant.

The judgment is affirmed.