FRANK W. ANDREWS *vs.* GRACE FISKE & others.

The consent of a second mortgagee, that the balance of the proceeds of a sale under the first mortgage, remaining after satisfaction of the first mortgage debt, may be paid to a purchaser of the equity of redemption, will not authorize such payment, as against the mortgagor, without discharging the debt secured by the second mortgage.

A party to whom one of several promissory notes secured by a mortgage has been indorsed, out no assignment of the mortgage made, may levy on the equity of redemption, to satisfy a judgment recovered by him on the note.

BILL OF INTERPLEADER against Grace Fiske, Abby Fiske, Peter Cutter, Samuel Easter and Elijah Brown, praying that the

defendants might interplead and that the court would decree to which of them the plaintiff should pay a sum of $1784 in his hands. The case was submitted on an agreed statement of facts, substantially as follows :

On June 13, 1862, Brown, being the owner of certain real estate in Waltham, mortgaged the same to Lewis Colby, to secure the payment of a promissory note for $3000, the mortgage deed containing a power of sale in the usual form ; a few days afterwards made a second mortgage of the same real estate to the defendants Grace Fiske and Abby Fiske ; and on September 30, 1862, made a third mortgage of the same real estate to the defendant Easter, to secure the payment of $1400, according to the tenor of six promissory notes of that date, given by Brown to Easter, four for $250 and two for $200 each, payable at different times. Easter duly sold and indorsed one of these mortgage notes, before its maturity, to the Taunton Oil Cloth Company, in payment for merchandise, but without assigning the mortgage ; the company brought a suit thereon against Brown and Easter, and recovered judgment; and all the right in equity which Brown had, liable to be taken on execution, in the mortgaged premises, was duly taken on execution in favor of the company, sold in 1863 by the sheriff, and purchased by and conveyed to Cutter.

In 1864, Colby assigned his mortgage to the plaintiff, and in 1865, default having been made in the performance of the condition of the mortgage, the plaintiff sold and conveyed the mortgaged premises, under the power of sale, for $5000 ; and, after retaining the amount of his debt, with costs and charges, he had remaining in his hands a balance of $1784, which balance he was ready and willing to pay to the party entitled thereto.

Grace Fiske and Abby Fiske withdrew and abandoned all claim to this balance ; and it was agreed that, if the judgment of the court, as between Brown and Cutter, should be in favor of Cutter, Easter would consent that the balance should be paid to Cutter.

*D. H. Mason & W. S. Stearns,* for Cutter, were stopped by the court.

*C. G. Thomas,* for Brown.

WELLS, J. Upon this agreed statement, no question is raised as to the title of any of the parties except that of Cutter. The surplus proceeds of the sale under the first mortgage must be disposed of according to the title of the respective parties in the land itself. The holders of the second mortgage having abandoned all claim, the third mortgagee is next entitled to have his debt satisfied, before anything can be claimed either by the mortgagor or by the purchaser of the equity. The consent of Easter that the whole surplus shall be paid to Cutter, if Cutter's title should be held to be valid as against Brown, will not authorize such payment without discharging Easter's debt. Cutter purchased only Brown's right to redeem all the mortgages; and Brown is entitled to have all of the mortgage debts satisfied out of the proceeds of the sale of the land, before anything is paid over to Cutter. We infer, from Brown's joining in the submission of the case upon these facts, that he assents to the withdrawal of the claim under the second mortgage.

As there may be a balance beyond what is necessary to satisfy Easter's mortgage debt, it is necessary to determine the validity of the sale of the equity to Cutter. It appears that the execution, upon which the sale of the equity to Cutter was made, was issued upon a judgment rendered in favor of the Taunton Oil Cloth Company upon one of six notes given by Brown to Easter, and included in the Easter mortgage.

The counsel for Brown contends that the sale was void, upon the authority of the decision in *Atkins* v. *Sawyer,* 1 Pick. 351. In that case the mortgagee himself brought a suit upon the mortgage note, attached the equity, and became the purchaser upon the sale on execution. It was held that he could not thus deprive the mortgagor of the right to redeem the estate according to the conditions which the statute imposed upon his mortgage title. The mortgagee, holding the whole legal title as incident to his debt, was not allowed to use the same debt as the means of working a foreclosure of the security to the prejudice of the debtor. But it was suggested in the same case, that he might have levied upon and become the purchaser of the

equity by means of a suit in his own favor upon any other debt than that secured by the mortgage. And this was directly decided in *Cushing* v. *Hurd,* 4 Pick. 253.

In *Johnson* v. *Stevens,* 7 Cush. 431, it was held that the first mortgagee of land may sue his mortgage debt and levy his execution upon the mortgagor's right to redeem a second mortgage of the same land. It is true that in this case the second mortgage included larger interests than the first mortgage. But the principal grounds stated for the decision were irrespective of that consideration, and indicate that the doctrine of *Atkins* v. *Sawyer* is limited by the special reasons upon which it was based.

In *Crane* v. *March,* 4 Pick. 131, the indorsee of one of two notes secured by mortgage recovered judgment and levied upon the equity of redemption. The purchaser under the sale on execution afterwards took up the other note from the hands of another indorsee, and took from the original mortgagee an assignment of the mortgage. It was held that he had acquired a good title. The suggestion that the indorsee may have taken the note " without any knowledge that it was secured by mortgage " could not have been of material influence in the decision. The real ground upon which the decision stands is, that, by the form of the note, the mortgagor authorized its transfer to other parties than the holder of the mortgage, with all the incidents and legal rights which pass with the transfer of such securities. Such other parties are not to be deprived of these usual incidents and rights because they may, if they see fit to seek it, have an equitable resort to the mortgage security. By levying upon the equity, they elect to rely upon their legal right. The debtor is not harmed, for he may redeem from the sale without redeeming the mortgage ; and if he should suffer some degree of prejudice, it is only the natural result of what he has himself authorized.

The principle of the restriction established in *Atkins* v. *Sawyer* has reference to the mode in which the mortgagee deals with the mortgage estate. It is based upon the contract contained in, and the relations created by, the mortgage deed, and not by those which spring from the notes. It applies, therefore, only to

the holder of the mortgage. *Washburn* v. *Goodwin,* 17 Pick. 137.

It might be otherwise if it should appear that the indorsement and levy were by collusion, and for the purpose of effecting a foreclosure for the benefit of the mortgagee, and that the purchaser was chargeable with notice of such collusion. But it is not necessary to determine that question. The agreed facts present no such case; and we are not warranted to infer that it exists here, merely from the fact that the attaching creditor might have known, and probably did know, that his note was part of the mortgage debt, and the fact that Easter now consents that the whole fund may go to Cutter.

The result is, that Cutter is entitled, as purchaser of the equity, to whatever amount may remain of the fund after satisfying the Easter mortgage and discharging Brown from the mortgage debt. If there should be any disagreement as to the amount properly due under that mortgage, a master may be appointed to determine it. *Decree accordingly.*