FRANCIS LOW, appellant, *vs.* JAMES LOW.

Kennebec.    Opinion January 6, 1885.

*Will.    Contract.    Estoppel.    Ademption of legacy.*

A testator in his lifetime gave to a son, named as a legatee in his will, the sum of fifteen thousand dollars and took from him the following paper: " Whereas my father, Francis Low, of Clinton, in the county of Kennebec, on the first day of July, A. D. 1871, made and executed his last will and testament in the presence of E. L. Getchell, F. E. Heath and Solyman Heath, and whereas said Francis Low, in said will gave, devised and bequeathed to me certain property. Now, therefore, in consideration of fifteen thousand dollars, paid to me and for me by said Francis Low during his life-time, the receipt whereof I hereby acknowledge, (and which said sum is my full share and more of my father's estate) do for myself, my heirs, executors and administrators, hereby remise, release and discharge, my said father, his executor or administrator, or legal representatives, from paying the legacy named in said will to me, or from paying to me any sum of money or property under any other will of my said father, and I release all my right, claim and title as heir to any and all estate and property which my said father may die seized or possessed of, and I will make no claim for any

portion of the same, and I consent that all his estate may go as he has or may will it, or in any manner as he may wish to dispose of the same, or may dispose of the same." (Duly executed.) *Held*, That there was an ademption of all the legacies in the will to the son, and he was estopped from claiming anything more under the will.

ON REPORT.

Appeal from the decree of the judge of probate in allowing the account of James Low, as executor of the last will and testament of Francis Low, late of Clinton.

The opinion states the facts.

*Brown and Carver*, for the appellant.

*Edmund F. Webb and Appleton Webb*, for the appellee.

LIBBEY, J.    Francis Low, the appellant's father, made his will July 1, 1871, by which, after providing for the maintenance of his wife and giving her a legacy of five thousand dollars, he gave to each of his four children a general legacy, and the rest, residue and remainder of his estate, if any, after payment of his debts and the legacies, was given to his four children, or such of them as might survive him, and to the legal representatives of any deceased child, to be shared in equal portions.

August 2, 1879, the appellant, wishing to receive his share of his father's estate in anticipation of his death, made a settlement with his father, by which, with the advancements previously made to him, he received fifteen thousand dollars, and gave him the instrument which is in evidence.

The only question for the decision of the court is whether that instrument or release is sufficient, or furnishes sufficient evidence, to bar the appellant from recovering any portion of the estate of his father under his will.    It is admitted by his counsel that the legacy of four thousand dollars to the appellant is adeemed or satisfied by the payment and release ; but it is claimed that the terms of the instrument are not sufficiently comprehensive to embrace his interest under the residuary clause of the will.    We think they are.    In ascertaining the meaning of the parties as expressed in the instrument all of its language is to be considered

together, in the light of the subject matter to which it applies, and the situation of the parties, their surroundings and relation to each other, so far, at least, as they are disclosed by the instrument itself. It refers to the will of the father by its date.

The more important clauses to be considered in deciding the question are as follows: "Whereas said Francis Low, in said will, gave, devised and bequeathed to me certain property; now therefore, in consideration of fifteen thousand dollars, paid to me and for me by said Francis Low during his lifetime, the receipt whereof I hereby acknowledge, (and which said sum is my full share and more, of my father's estate,) do for myself, my heirs, executors and administrators, hereby remise, release and discharge my said father, his executor, or administrator, or legal representatives, from paying the legacy named in said will to me; . . . . and I release all my right, claim and title, as heir, to any and all estate and property which my said father may die seized or possessed of, *and I will make no claim for any portion of the same.*"

It is claimed that the meaning of the words "legacy named in said will" is fully answered by applying them to the general legacy of four thousand dollars; that the word "legacy" is in the singular, and does not embrace both the general legacy and that under the residuary clause.

It is a general rule for the interpretation of contracts, as well as statutes, that the singular may be read as plural, and the plural as singular, when the context requires it. Here the purpose of the testator appears to have been to anticipate his death by paying to his son his full share of his estate that would go to him under his will, [and by the settlement of the estate in probate it appears much more than his share] in extinguishment and satisfaction of the provisions which he had made for him therein; and this purpose was fully participated in by the son. Among other things, he agreed in his release, under seal, to make no claim to any portion of the estate of which his father might die seized and possessed. Considering this clause in connection with the preceding, we think the words, "the legacy named in said will" should be held to include all the provisions

of the will in favor of the appellant, and that they were fully adeemed and satisfied. *Allen* v. *Allen*, 13 S. C. 512.

While the instrument in evidence cannot be treated as a technical release of the appellant's interest in his father's estate for the reason that, when given, there was no existing legal right or interest to be released, (*Fitch* v. *Fitch*, 8 Pick. 480 ; *Trull* v. *Eastman*, 3 Met. 121 ;) still having obtained more than his share by it, he is estopped by his covenant in it from claiming anything more under the will. *Quarles* v. *Quarles*, 4 Mass. 680 ; *Kenny* v. *Tucker*, 8 Mass. 143.

The same result would be reached by treating the fifteen thousand dollars as an advancement by the father.

> *Decree of the judge of probate affirmed with costs.*

PETERS, C. J., WALTON, DANFORTH, EMERY and FOSTER, JJ., concurred.