# WILLIAM H. WHITMAN, PETITIONER.

Middlesex, July, 1899.

*Estoppel — Quit-Claim Deed — After-Acquired Title.*

This case presents the question whether by the giving of a quit-claim deed an estoppel is created so that title subsequently acquired by the grantor will enure to the grantee.

The facts are simple. The petitioner claims under a quit-claim deed from one Monahan. The title at the time of this deed was outstanding in one Ross, and Monahan had undertaken to procure a conveyance from Ross through himself to the petitioner. Subsequently Monahan obtained a deed from Ross to himself, and it is asserted that title thereunder remained grounded in Monahan. Both deeds were quit-claim deeds in the ordinary form, using in the granting clause the phrase " remise, release and forever quit claim," and containing the usual " limited " covenants against encumbrances made or suffered by the grantor, and of warranty against all persons claiming by, through or under him, but against none other.

The principle, the scope and the effect of the doctrine of the enuring to a grantee of a later acquired title by virtue of an estoppel against the grantor and his successors has been the subject of varied and more or less conflicting decisions. Rawle, Covenants for Title, Chap. 11. Russ *v.* Alpaugh, 118 Mass. 369. Knight *v.* Thayer, 125 Mass. 25. Ayer *v.* Brick Co., 159 Mass. 84.

The doctrine has been one of gradual growth and development, and the reasoning employed by the courts from time to time as the principle has become formulated by the decisions, has necessarily in no one case been either conclusive or

finally restrictive, nor has it been so intended. The doctrine is essentially an equitable one; "the unconscious administration of equitable principles through the medium of common law forms." Rawle, Sec. 240, note. At common law the operation of this doctrine was limited to conveyances by feoffment, fine and recovery and the like, which operated by actual transference of the estate, and to rebutter under a warranty, by way of preventing circuity of action. Rawle, Section 246. Perkins, Section 65. Bates *v.* Norcross, 17 Pick. 14. Doane *v.* Willcutt, 5 Gray, 328. Both grounds are too narrow, however, to support the doctrine as developed by the modern cases. It was early extended to conveyances by way of bargain and sale, and beyond the operation of mere avoidance of circuity of action. But it is argued that it does not extend so far as to a quit-claim deed. Mr. Rawle states this proposition flatly. "A mere release, or a deed of quit claim, will not have the effect of estoppel." Rawle, Section 247. Mr. Crocker similarly limits the effect of the estoppel created by the limited covenant used in a quit claim deed. Notes on Common Forms, 4th ed. p. 133. I think, however, that such a limitation is not justified either by the cases cited by Mr. Crocker or by the principle of law that underlies them. The principle involved is founded, not on the form of the instrument or the language of the covenant, but on the intention of the parties and the equities of the case.

Where the deed purported and was intended to convey only the title and interest then in the grantor, there is no basis for estoppel; and such was the situation in the Massachusetts cases cited by both Mr. Rawle and Mr. Crocker. Comstock *v.* Smith, 13 Pick. 116. Blanchard *v.* Brooks, 12 Pick. 47, 66. Wight *v.* Shaw, 5 Cush. 56. Miller *v.* Ewing, 6 Cush. 34. Doane *v.* Willcutt, 5 Gray, 328. Weed Co. *v.* Emerson, 115 Mass. 554. This point is well brought out by Mr. Perkins in his edition of Pickering. Soames *v.*

Skinner, 3 Pick. 52, 59, note. The head-note in Comstock v. Smith goes far beyond the decision in that case. The old leading case of Right v. Bucknell, also cited by Mr. Rawle, rested upon the ground that the lease was merely of such title as the grantor then had, having none, while the release clearly recited the grantor's title as being a legal or equitable right, and that, therefore, the allegation being in accordance with the facts, no ground for estoppel existed. Right v. Bucknell, 2 Barn & Adolp, 278. None of the above cases usually cited to the proposition that there is no estoppel under a quit-claim deed, go beyond the limits of the ordinary rule that where there is an estate granted to which the covenant or estoppel would naturally apply, it will be limited to that estate, such being the obvious intent of the parties. Blanchard v. Brooks, *supra.* Miller v. Ewing, *supra.* Doane v. Willcutt, *supra.* Tarbell v. Page, 155 Mass. 256.

The estoppel is not, however, necessarily limited to the extent of the estate conveyed by the granted clause of the deed. Trull v. Eastman, 3 Met. 121. Russ v. Alpaugh, 118 Mass. 369. Ayer v. Brick Co., 157 Mass. 57. Ayer v. Brick Co., 159 Mass. 84. There need not even be a covenant at all. "Whatever be the form or nature of the conveyance, if the grantor sets forth by way of recital or averment, either in express terms or by necessary implication that he is seized or possessed of a particular estate the deed purports to convey, the grantor and all persons in privity with him shall be estopped from ever afterward denying that he was so seized and possessed at the time he made the conveyance." Van Rensselaer v. Kearney, 11 How. 297. Nicholson v. Caress, 45 Ind. 479. "The estoppel is to effectuate the real intent of the parties, which was to convey the real true title to the land." Bennett v. Waller, 23 Ill. 97, 183. "The reason why the estoppel should operate is that such was the obvious intention of the parties." Blake

*v.* Tucker, 12 Vt. 39. Ayer *v.* Brick Co., 159 Mass. 84, 87.

In the early days the quit-claim form of deed and covenants was seldom used except for a mere release of " right, title and interest," and most of the decisions that touch the question in the case at bar are based on the fact of such a grant, and not on the effect of a quit-claim deed as such. This practice still prevails to a very considerable extent in some of the counties. In the eastern part of the State, however, the quit-claim deed has come into general use, and both by statute and decision has been made equally effective with the full warranty deed to pass " all the estate which can lawfully be conveyed by deed of bargain and sale." P. S. Chap. 120, Section 2. Conolly Petitioner, 168 Mass. 201. In the case at bar the representation necessarily implied from the grant was a representation of title in the grantor. The estoppel is " determined by the scope of the conventional assertion." Ayer *v.* Brick Co., 159 Mass. 84. In a full warranty deed there may be a limited grant, coupled with an unlimited warranty. In such case the estoppel arises under the covenant alone. In a quit-claim deed the force of the covenant, apart from the necessary effect of the conveyance, will not be sufficient of itself to create an estoppel by virtue of which a subsequently acquired paramount estate will enure to the grantee. In Jones on Real Property, Section 992, it is said that " aside from the estoppel arising from the conveyance of a particular estate, only a warranty deed operates to transfer an after acquired title of the grantor. A quit-claim deed cannot have that effect." The phrase " aside from the estoppel arising from the conveyance " is clearly intended to qualify both statements.

In the case at bar the estoppel arises from the grant. The intention of the parties, in fact the whole object of the transaction, was to convey the " real true title," which was the title of Ross, through Monahan to the petitioner. Monahan is estopped by his grant.        Decree for the petitioner.