## DETERMINATION AS TO WHETHER MONEY WAS RECEIVED AS A GIFT OR AN ADVANCEMENT.

Court of Appeals for Hamilton County.

AARON A. FERRIS, EXECUTOR, v. JAMES GOODIN ET AL.

Decided, December 13, 1913.

*Distribution—Gift of Money to a Niece—Held to Have Been an Advancement—Acceptance by an Heir Amounts to a Contract, When —Ademption—Estoppel.*

Under the evidence and circumstances surrounding the payment made in this case the court holds that it should be treated, not as a gift, but as an advancement to be charged against the interest of the payee in the estate.

*Aaron A. Ferris, Rufus B. Smith* and *Bruce & Bruce,* for plaintiff.

*John C. Healy,* contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

This is a proceeding brought by the executor and trustee under the will of Elizabeth Zinn, under Section 10857, General Code, asking the direction and judgment of the court as to whether the sum of $2,000 should be treated as a gift to Virginia G. Ellard, a sister of said deceased, or as an advancement to be charged against her interest in said estate.

The will of said Elizabeth Zinn was made August 10, 1906, and provided for certain legacies and trusts, dividing the resi-

due of the estate into five equal parts, one of which was given to a brother, one to a sister, and the other shares in trust for the benefit of another sister, certain nieces and nephews and other relatives. Mrs. Zinn died February 28, 1908.

It is claimed by the executor and trustee and on behalf of certain legatees and beneficiaries under the will that the share of Mrs. Ellard should be charged with two thousand dollars which was paid by New York draft drawn by the Merchants' National Bank, dated May 20, 1907, and payable to the order of Mrs. Elizabeth Zinn. This draft was procured for Mrs. Zinn by A. A. Ferris, who was then acting as her attorney and managing her business affairs, and it was endorsed by Mrs. Zinn to the order of Virginia G. Ellard, and endorsed by Mrs. Ellard to the order of Mary E. Hoffman, her daughter, who collected the money thereon.

It appears that this draft was procured by Mr. Ferris and was sent by him with a letter to Mrs. Zinn, dated May 20, 1907, in which he advised her not to endorse the draft in blank but to make it payable either to Mrs. Ellard or to Mrs. Hoffman as she might prefer. In this letter he also transmitted to Mrs. Zinn the form of a note which he explained in the following language:

"Also find enclosed the form of a note which should be signed by Mrs. Ellard, as to money is really advanced for her. It is a matter of business, in the sense of advancing the money at least, and therefore you should have written evidence that the money has been advanced, and a note is the best form in which to have the acknowledgment."

Mrs. Zinn after receiving this draft from her attorney endorsed it as above stated and delivered it to Mrs. Ellard, requesting her to sign the note. Mrs. Ellard retained the draft but declined to sign the note. Mrs. Zinn on the following day reported to her attorney the refusal of Mrs. Ellard to sign the note and authorized him to stop payment on the draft until some satisfactory acknowledgment was received from Mrs. Ellard of the money so paid.

Under this direction and authority Mr. Ferris, acting for Mrs. Zinn, stopped payment of the draft and wrote Mrs. Ellard ad-

vising her of this fact and enclosed in his letter a blank form of receipt, stating in his letter that "the draft will not be paid until there is some written acknowledgment from you of the receipt of the money," and saying:

"I enclose herewith a blank form of receipt. You can, if you please, fill it out yourself giving the form of it, it being only necessary that you should express in some words that you have received the $2,000. When such receipt is delivered to Mrs. Zinn and she notifies me to that effect I will countermand the order stopping payment on the draft."

Mrs. Ellard then filled up and returned to Mr. Ferris her receipt in the following words:

"CINCINNATI, May 23, 1907.
"Received of my sister Elizabeth Zinn her draft for $2,000, on account of my future interest in her estate.
"(Signed)    VIRGINIA G. ELLARD."

The attorney after receiving this receipt from Mrs. Ellard advised Mrs. Zinn that he had satisfactory acknowledgment from her, and thereupon under Mrs. Zinn's authority countermanded the order stopping payment on the draft, and the money was paid.

The testimony was received on behalf of Mrs. Ellard, subject to the objection and exception of the other side, tending to show a gift by Mrs. Zinn to her niece, Mrs. Hoffman, who was the daughter of Mrs. Ellard, of this two thousand dollars to be used by her in the purchase of a house.

It is a well settled principle of law that parol evidence can only be admitted to set aside such an instrument as the receipt made by Mrs. Ellard upon the ground of fraud or mistake. No such claim is made by her here in her pleadings. She seeks only to explain the receipt, or to have it disregarded by the introduction of evidence tending to show that the money was not in any way intended for her but was to be a gift to her daughter. This parol evidence can not be received to contradict the written instrument. *Jackson* v. *Ely.* 57 O. S.. 450; *Cassilly* v. *Cassilly*, 57 O. S., 582.

Indeed even if this evidence might be considered by the court, we do not feel that it would be sufficient to cause the delivering of the draft to Mrs. Ellard to be construed as an outright gift to Mrs. Hoffman which could in no way affect the ultimate share of her mother. Especially so when we consider the manner in which the draft was endorsed and the form of the receipt.

The effort of the defense has been to show that the idea of making this payment a charge upon Mrs. Ellards' share was one originating solely with Mrs. Zinn's attorney. But both Mrs. Zinn and Mrs. Ellard were clearly advised of it. Mrs. Zinn acted upon her attorney's advice, and even though she did not herself see the receipt as finally written she was informed of its effect and was satisfied. And Mrs. Ellard, although she refused to sign the note, voluntarily made out and signed the receipt and did not undertake to appeal from Mr. Ferris to Mrs. Zinn to have the matter put in what she now claims to be its true character. So having agreed to the transaction as it was carried out, she must now be bound by it.

The general rule as to ademption is that it is wholly a matter of the intention of the testator. Where a legacy is given by a testator to a child or to one to whom he stands *in loco parentis*, a subsequent payment made to such child or person will raise a presumption of an intention on the part of the testator to adeem the legacy, while such a payment made to a person not in the relation named will not raise such a presumption, but the intention to charge the payment against the legacy must then be proved (40 Cyc., 1915-6, and cases cited).

In the opinion of the court, however, the intention of the parties is conclusively shown by the manner of the payment and the form of the receipt given for it by Mrs. Ellard, so long as that receipt is not set aside.

Under the common law the mere expectancy or chance of succeeding to an estate is held not to be the subject of release or assignment (*Needles* v. *Needles*, 7 O. S., 432), but that rule has been relaxed in equity (*Rosenthal* v. *Mayhugh*, 33 O. S., 168). And an heir apparent or one who is named as a legatee under the will, who has received a valuable consideration from the ancestor or testator under an agreement by him that same be

charged against his future interest in the estate, is held to his contract by way of estoppel.

A case directly in point is that of *Goodson* v. *Goodson*, 12 C.C., (N.S.), 158.

Other cases where such estoppel is held are: *Low* v. *Low*, 77 Me., 37; *Callicott* v. *Callicott*, 43 Southern Rep., 616 (Miss.); *Vreeland* v. *Vreeland*, 56 Atl., 1089; *Re Garcelon's Est.*, 32 L. R. A., 595.

In the opinion of the court, therefore, it is the duty of the executor in the distribution of said estate to charge against the share of Mrs. Ellard the sum of two thousand dollars. Decree accordingly.