Rockingham,
No. 4727.

MANCHESTER FEDERAL SAVINGS & LOAN ASSOCIATION

*v.*

EMERY-WATERHOUSE CO. & a.

Argued June 2, 1959.

Decided August 18, 1959.

*Booth, Wadleigh, Langdell, Starr & Peters* and *Charles J. Dunn* (*Mr. Dunn* orally), for the plaintiff.

*Maurice P. Bois,* United States Attorney, and *Alexander J. Kalinski,* Assistant U. S. Attorney (*Mr. Kalinski* orally), for the United States of America.

*Shaines & Brown* (*Mr. Brown* orally), for Samuel Hurwitz Company and Atlantic Distributing Company.

*Griffin, Harrington & Brigham* (*Mr. Griffin* orally), for Katherine Ogg and Christine O. Mahar.

*T. Casey Moher* for Emery-Waterhouse Company and Manchester Supply Company; *Henry M. Fuller* for Rockingham Electrical Supply Company and Gerald W. Berounsky; *Joseph E. Michael, Jr.* for Weston Palmer; and *Samuel A. Margolis* for Daniel P. Creed Company, furnished no briefs.

DUNCAN, J. Under well-established principles, surplus funds in the hands of a mortgagee, after foreclosure of a power of sale

mortgage and satisfaction of the secured indebtedness and expenses, are the property of the mortgagor, subject however to encumbrances and liens existing at the time of foreclosure. Such liens attach to the surplus proceeds in equity, in the same order of priority and with the same effect as they bound the mortgaged premises before the foreclosure. *Markey* v. *Langley*, 92 U. S. 142, 145; *Wiggin* v. *Heywood*, 118 Mass. 514; *Smart* v. *Burgess*, 35 R. I. 149. Thus the surplus after foreclosure stands in the place of the debtors' equity of redemption and is subject to the pre-existing liens, which attach thereto. *Spaulding* v. *Quincy Tr. Co.*, 313 Mass. 752; *Antonellis* v. *Weinstein*, 258 Mass. 323. See *Roberge* v. *Cyr*, 84 N. H. 204, 205.

The lien of the United States for taxes arose on October 8, 1957, upon assessment (26 U. S. C. A., *s.* 6322), and attached to "all property and rights of property, whether real or personal," belonging to the taxpayers, George T. and Christine O. Mahar. 26 U. S. C. A., *s.* 6321. Since the plaintiff's mortgage was foreclosed prior to assessment of the taxes, the lien is upon the interest of the taxpayers in the surplus funds now held by the clerk of court.

As previously indicated, that surplus is also charged with other liens arising out of pending actions against the taxpayer George T. Mahar, and with a second mortgage which is junior to certain of the prior attachments and expressly made subject to them.

However not all liens prior in time are entitled to priority over the lien of the United States. 26 U. S. C. A., *s.* 6323 provides that the lien of the United States for taxes "shall not be valid against any mortgagee, pledgee, purchaser, or judgment creditor" whose liens antedate the tax lien. With the exceptions thus stated, the lien of the United States takes priority. *United States* v. *New Britain*, 347 U. S. 81.

In these proceedings, the United States concedes that its lien is junior to that of the mortgagee Ogg, whose mortgage secures the payment of $2,500 and interest. It denies however that any attaching creditor holds a lien which is entitled to priority over the lien of the United States. As we understand the law upon the subject, the United States is correct in its position.

RSA 511:55 provides that attached property "shall be holden until the expiration of thirty days from the time of rendering a judgment . . . in favor of the plaintiff on which he can take execution . . . . " The lien is lost by failure to levy execution within the thirty days. *Murphy* v. *Hill*, 68 N. H. 544. Thus it is

plain that the attachment liens once held by New Hampshire Supply Company and by Weston Palmer expired prior to October 8, 1957, by reason of the failure to levy execution within thirty days after judgments were entered in their respective actions.

Four other creditors of George T. Mahar, namely, Emery-Waterhouse Company, Manchester Supply Company, Rockingham Electrical Supply Company, and Daniel P. Creed Company, made attachments which antedated both the foreclosure sale and the lien of the United States in actions which are now pending and marked continued for judgment. These creditors are not judgment creditors under the federal statute, since they have neither taken judgment nor perfected their inchoate attachment liens. *United States* v. *Security Trust & Savings Bank,* 340 U. S. 47; *United States* v. *New Britain,* 347 U. S. 81, 88.

It is apparent from what has been said that the mortgage of Katherine Ogg is prior to the lien of the United States. The latter lien has priority over the liens of the four creditors mentioned in the preceding paragraph. The liens of these creditors however have priority over the mortgage lien by virtue of the provisions of the mortgage. Accordingly a sum sufficient to satisfy the mortgage indebtedness to Katherine Ogg should be set apart as free from any claim of the United States. *Cf. Southern Ohio Sav. B'k & Tr' Co.* v. *Bolce,* 165 Ohio St. 201, 215. This sum will represent underlying interests of both George T. and Christine O. Mahar as joint tenants. Only the interest of the former is subject to the four undischarged attachments, to which the mortgage is junior; and his homestead right is exempt as against the attaching creditors. RSA 480:4. This right is in "fifteen hundred dollars' worth of his homestead, or of his interest therein." RSA 480:1. While Christine O. Mahar claims a dower interest, this claim cannot be sustained. *Gleason* v. *Emerson,* 51 N. H. 405.

Hence as to the sum set apart as subject to the lien of the Ogg mortgage, after deduction of the costs of these proceedings as hereinafter indicated, the existing liens of the prior attaching creditors encumber only the proportionate share thereof which shall be determined to represent the interest of George T. Mahar as joint tenant (see *Davis* v. *Barnard,* 60 N. H. 550), less the value of his homestead right if he is found to have had such a right. See *Beland* v. *Goss,* 68 N. H. 257. The balance of such sum, representing the share or interest of Christine O. Mahar and any homestead right of George T. Mahar, is subject to the lien of the mortgagee

Ogg, free from other claims. See 38 B. U. L. Rev. 181, 193-196; 45 A. B. A. J. 351, 353.

The claims of the four attaching creditors whose liens have been preserved, will in the aggregate clearly exceed the value of the interest of George T. Mahar in the sum set apart as subject to the mortgage lien. The claims of these creditors are to be satisfied in the order of priority of their attachments. *Markey* v. *Langley,* 92 U. S. 142, *supra; Kittredge* v. *Gifford,* 62 N. H. 134.

Since no attaching creditors have priority over the lien of the United States, the balance of the funds deposited with the clerk of court will be subject to the lien of the United States on account of the tax liabilities of George T. Mahar and Christine O. Mahar. This balance will apparently be insufficient to satisfy this lien in full. Hence there is no occasion to consider the effect of the suits brought by the United States and by other creditors of George T. Mahar.

The trustee process served upon the clerk by leave of Court, in the actions brought by Samuel Hurwitz Company and Atlantic Distributing Company, can operate to give these creditors no priority. Attachments of the real estate were made by these creditors after the Ogg mortgage was recorded and their liens are subject to the tax lien of the United States. Trustee process was not served upon the clerk of court until after the lien of the United States had attached to the funds in the hands of the clerk.

There remains to be considered the question of whether the costs of these proceedings and plaintiff's counsel fees should be allowed out of the proceeds in the hands of the clerk. In bills of interpleader, costs as well as counsel fees are allowable to the stakeholder out of the *res. Guay* v. *Association,* 87 N. H. 216, 222; anno. 48 A. L. R. (2d) 190, 206. In this case however, such an allowance may not be charged against the portion of the fund which is subject to the tax lien of the United States. *United States* v. *Liverpool & London Ins. Co.,* 348 U. S. 215; *United States* v. *Ball Construction Co.,* 355 U. S. 587. See 28 U. S. C. A., s. 2412(a). It follows that any costs or counsel fees which may be allowed to the plaintiff by the Trial Court should be deducted from the sum set apart as subject to the lien of the mortgagee Ogg, before determination of the respective rights of the mortgagee and the creditors of George T. Mahar, as hereinbefore indicated. What party or parties apart from the United States, should ultimately

bear the burden of such expense is likewise discretionary with the Trial Court.

*Remanded.*

All concurred.