PIONEER CREDIT CORPORATION, Defendant, Appellant,

v.

Samuel E. BLOOMBERG, Assignee, et al., Appellees.

No. 6112.

United States Court of Appeals First Circuit.

Nov. 4, 1963.

Andrew T. Campoli, Pittsfield, Mass., for appellant.

Appellees submitted on the record.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

■ At the outset of this case arises the question whether we should consider an exhibit which appellant neither printed in its record appendix in accordance with Rule 23, nor sought court permission to present without printing. We will not ordinarily look at exhibits so neglected. However, under the rule we may, in our discretion, examine any part of the record transmitted by the clerk of the district court, and since appellant claims under a mortgage it would seem idle to pass upon its rights without the fundamental document. That does not mean that future parties who disregard the rule will be equally fortunate.

The facts are these. The government, assignee of a mortgage on a certain parcel of real estate, sought foreclosure in the district court, naming the mortgagor, together with appellant, who was the holder of a junior mortgage, and certain others as defendants. The court authorized the government to sell the property in accordance with the terms of a statutory (see infra) power of sale contained in the mortgage. The sale realized a net surplus over and above the government's secured indebtedness and expenses, and appellee, as assignee of the mortgagor, and appellant, made claim thereto. The court, finding that nothing was presently due on appellant's note, ordered the surplus paid to appellee.

■■ It is, of course, elemental that the foreclosure of a senior encumbrance discharges junior liens whose holders are

made parties to the proceeding. Wiggin v. Heywood, 1875, 118 Mass. 514. This does not mean, however, that the interests of the junior lienor in the property are wiped out so far as the mortgagor, or parties claiming through him, are concerned. Ayer v. Philadelphia & Boston Face Brick Co., 1893, 159 Mass. 84, 34 N.E. 177; Otter v. Lord Vaux, Ch. 1876, 6 DeG. M. & G. 638, 43 Eng.Rep. 1381. Correspondingly, the junior lienor has an interest in the proceeds of the sale and is entitled to any surplus to the extent of that interest as against the mortgagor. Markey v. Langley, 92 U.S. 142, 23 L.Ed. 701, 1875; Pilok v. Bednarski, 1918, 230 Mass. 56, 119 N.E. 360; Andrews v. Fiske, 1869, 101 Mass. 422; Manchester Federal Savings & Loan Ass'n v. Emery-Waterhouse Co., 1959, 102 N.H. 233, 153 A.2d 918; Smart v. Burgess, 1913, 35 R.I. 149, 85 A. 742.

■ The district court felt that because there was, at the moment, nothing due on the note appellant had no present interest. This was a misconception. Appellant's mortgage, like the government's, was in the "short" or "statutory" form. Mass.G.L. c. 183, §§ 8, 18-21. This meant there was a breach when the mortgagor defaulted on the earlier mortgage and permitted its foreclosure. Mass.G.L. c. 183, § 20. Breach of its mortgage gave appellant a power of sale, Mass.G.L. c. 183, § 21, upon the exercise of which it was entitled to "all sums then secured by the mortgage, *whether then or thereafter payable.*" (Emphasis supplied.) Mass.G.L. c. 183 § 27.[1] It is irrelevant that the instant sale was one initiated by a senior encumbrancer. Appellant was a party to the proceedings and the sale must be treated as made for the benefit of all parties as their interests should appear. Compare Hunnewell v. Goodrich, 1849, 3 Cush. 469, 57 Mass. 469.

The statute should be followed. The district court's decision produces the anomalous and inequitable result that the mortgagor, who could not himself sell the property and realize on appellant's security interest may attain it if the sale is made by a senior encumbrancer although such sale is itself a breach of the mortgagor's obligation to appellant to protect its security. The sheep dog cannot be permitted to swallow the sheep.

Judgment will be entered reversing the judgment of the District Court with respect to the surplus and remanding the case to the District Court for further proceedings consistent with this opinion; appellee Bloomberg, assignee, to pay costs on this appeal.

---

[1.] Although there is little authority on the subject, we believe the italicized clause merely enacts the common law. See Fagan v. People's Savings & Loan Ass'n, 1893, 55 Minn. 437, 57 N.W. 142.