STEPHEN TORREY *vs.* LEWIS A. COOK & another.

Worcester. October 2. — 23, 1874. COLT & MORTON, JJ., absent.

Where tenants in common of land, for the purpose of making partition, execute mutual deeds of release of specific portions thereof to each other, and a mortgagee, who has a mortgage from one tenant upon an undivided half of the land, joins with the mortgagor in his release, such release and partition have, as to the interest of both the mortgagor and the mortgagee, the effect to substitute for an undivided half of the whole land the whole of the portion set off to the mortgagor in severalty.

A mortgagee of land cannot execute a power of sale in the mortgage by selling less than the whole title of the mortgagor and himself in the mortgaged premises; and a sale and conveyance of an undivided half of the land mortgaged passes no title to the purchaser.

Recovery of judgment in an action upon a mortgage note, without payment, is not a bar to a writ of entry to foreclose the mortgage.

A., who was tenant in common with B. of a lot of land, mortgaged to C. one undivided half thereof. A. and B. then made a partition of the land and executed mutual releases to each other, and C. joined with A. in his release. C. afterwards sold to D. under a power of sale in the mortgage one undivided half of the land released to A. for a sum not sufficient to pay the mortgage debt. He afterwards recovered judgment against A. for the remainder of the sum due; and subsequently, the judgment remaining unpaid, brought a writ of entry against A. and D. to foreclose the mortgage on that part of the land released to A. *Held,* that he was entitled to conditional judgment.

WRIT OF ENTRY against Lewis A. Cook and Daniel A. Cook, counting upon the plaintiff's title in fee and in mortgage of a farm of two hundred and seventy-five acres. The defendants severally pleaded *nul disseisin.* The case was submitted to the decision of the court upon a statement of facts, in substance as follows:

On June 4, 1869, the tenant Lewis, being the owner in fee of an undivided half of the farm, holding it as tenant in common with Edward H. Cook, executed and delivered to the demandant a mortgage of said undivided half of the farm, to secure the payment of a promissory note for $2500, in six months from date, and containing a power, upon any breach of condition of the mortgage, to " sell and dispose of the granted premises " at public auction, and in his own name or as attorney of the grantor " convey the same absolutely and in fee simple to the purchaser," " and out of the money arising from said sale to retain all sums then secured by this deed," &c.

On December 10, 1870, Edward executed and delivered to Lewis a quitclaim deed of one hundred and ten acres, part of the

farm ; and Lewis executed and delivered to Edward a like deed, in which the demandant at their request joined, receiving no con sideration therefor, releasing all right, title and interest in the rest of the farm.  It is agreed, if the fact be competent, that these deeds were executed and delivered principally for the pur- pose of making partition of the farm between the tenants in com- mon, Lewis and Edward, and that the demandant executed said release with the sole purpose of forwarding said partition.

On October 20, 1871, the mortgage debt remaining unpaid, the demandant sold by auction and conveyed to the tenant, Daniel A. Cook, " by virtue of the authority in me vested by the said mortgage deed," and without any covenants whatever, an undivided half of the tract of one hundred and ten acres conveyed by Edward to Lewis.  This sale was made for the sum of $1531.33, (that being the highest bid therefor,) which was ap- plied on the mortgage debt.  It is agreed, if the fact is compe- tent, the tenants objecting to its competency, that when the demandant made said sale under his mortgage, he believed he had no legal title to or interest in the other undivided half of the one hundred and ten acres.

On January 24, 1873, in an action of contract in the Superior Court upon the mortgage note, the demandant recovered judg- ment against Lewis for the balance due and unpaid, being the sum of $1244.06, and costs.

If on these facts the demandant is entitled to recover one un- divided half of the one hundred and ten acres, conditional judg- ment is to be rendered for the demandant for the balance found to be due on the mortgage.  If the demandant is not entitled to recover, judgment is to be for the tenants.

*T. G. Kent*, for the demandant.

*S. A. Burgess*, for the tenants.

GRAY, C. J.  The release by the mortgagee, having been made contemporaneously with, and solely for the ·purpose of aiding in, the partition by deed between the mortgagor and his co-tenant, did not discharge any part of the mortgagor's estate from the mortgage.  The effect of the transaction upon the interest of the mortgagee, as upon that of the mortgagor, was simply to substi- tute, for an undivided half of the whole farm, the whole of the portion set off to the mortgagor in severalty.  *Bradley* v. *Fuller* 23 Pick. 1.

The mortgagee could not execute the power of sale by selling less than the whole title of the mortgagor and himself in the land mortgaged. His sale and conveyance of an undivided half of the land bound by the mortgage therefore passed no title to the purchaser, and did not affect the mortgagor's right to redeem or his own right to foreclose. *Fowle* v. *Merrill*, 10 Allen, 350. *McMurray* v. *Connor*, 2 Allen, 205. This conveyance did not purport to pass any right of the mortgagee, otherwise than by an execution of the power, nor contain any covenants which could estop him to assert his title under the mortgage.

The mortgagee then, still being the lawful holder of the mortgage, had the right to foreclose it by appropriate proceedings, as well as to sue on the mortgage note; and the bringing of an action and recovery of judgment upon the note cannot, without payment, bar this writ of entry. *Ely* v. *Ely*, 6 Gray, 439.

The result is that, as each tenant has pleaded the general issue, and one of them has no title in the land, the demandant is entitled, unless the other shall pay the amount due on the mortgage, to conditional judgment for the possession of the whole tract of one hundred and ten acres against both. The question what that amount shall be does not appear to have been intended to be presented by the statement of facts, and has not been argued by counsel. The case must therefore stand for a hearing upon that question before a single justice, unless the parties agree upon the amount.

*Demandant entitled to conditional judgment.*