## George W. Gerrish vs. George N. Black.

Suffolk.    Nov. 16, 1875. — Feb. 3, 1877.    Colt & Lord, JJ., absent.

The holder of two mortgages on the same parcel of land, entered to foreclose the first mortgage; but did not enter under the second mortgage. A bill in equity was brought against him to redeem the first mortgage, and in his answer he did not set up the second mortgage. A decree was entered that, on payment of a certain sum, he should release and discharge the mortgaged premises described in the bill from the mortgage therein described, and should deliver up possession of the premises. *Held*, on a subsequent bill in equity to obtain the discharge of the second mortgage, that he was not estopped to set up the second mortgage.

Endicott, J.    This is a bill to obtain the discharge of a mortgage.    It alleges that all the conditions of the mortgage have been fully performed, and the debts secured thereby have been paid, and further that the defendant is estopped to make any claim upon the premises under this mortgage by reason of the proceedings and decree in a former suit.

In 1850 the plaintiff gave a mortgage of the premises to John Black, the defendant's father, to secure the payment of a note of $26,000.    In June 1856 he gave a deed of the premises to Black, absolute on its face, but it was given and received as security for certain debts due from the plaintiff to Black, and, as part of the transaction, Black made and executed an agreement to reconvey upon payment of the debts.    It is conceded that the conveyance thus became in equity a second mortgage on the premises.    Upon the death of Black in October 1856, the defendant and one Hamlin, since deceased, were appointed executors and trustees under his will.    In 1859 a settlement was made between the plaintiff and the trustees of the debts secured by the deed of 1856; and, as part of the settlement, and by agreement of the parties, the conveyance remained in equity a mortgage in the hands of the trustees, as security for the performance of certain things, and the payment of certain debts to the estate of John Black and to this defendant personally.    The declarations made by the plaintiff and the general character of the obligations and debts, for which the conveyance stood as security, appear in the bill and answer and the papers annexed thereto, and are not material in this connection.

The validity of this transaction is not denied by the plaintiff, and the case proceeds upon the ground that the deed of 1856, by virtue of the agreements and declarations of the parties, constituted in equity a mortgage in the hands of the trustees.

In August 1861, the trustees entered to foreclose the first mortgage of 1850. At that time the second mortgage was due, but no entry was then or has since been made under it for the purpose of foreclosure, as required by the Gen. Sts. *c.* 140, §§ 1, 2. In 1864, the plaintiff filed his bill to redeem the premises from the first mortgage. The case was before this court several times, *Gerrish* v. *Black,* 99 Mass. 315 ; 104 Mass. 400 ; 109 Mass. 474; 113 Mass 486. In that bill, the plaintiff did not seek to redeem the second mortgage, nor did the defendant set it up in his answer; no question was made of the right of the plaintiff to redeem; the point in issue was, how much was due on the first mortgage. That amount having been ascertained, a decree was entered, which, among other things, directed that the defendant, upon payment to him of $24,407 by the plaintiff, "shall release and discharge the mortgaged premises described in the plaintiff's bill of complaint from the mortgage therein described," and shall also give and deliver up possession thereof to the plaintiff. 109 Mass. 475. It is to be observed that the decree does not require the defendant to release and discharge the premises from all claims, but only from the first mortgage, and to deliver up the premises held under that mortgage. The money was paid, the mortgage discharged, and the possession was given up.

The only question reserved upon the report is, whether the defendant is estopped by these proceedings from setting up a claim under the deed or mortgage of 1856. If he is not, then the case is to go to a master to determine what sum is due and secured by this mortgage, upon payment of which the plaintiff will be entitled to redeem. The plaintiff contends that when the bill was brought to redeem the first mortgage, the second mortgage being then due, and the defendant being in possession of the premises, he could have retained such possession under this mortgage ; that it would have been a perfect answer to the bill, and that the plaintiff would not have been entitled to possession until the sum secured by it was paid; and that, not

having done so, he cannot now avail himself of it. But we are of opinion that it would not have been a defence, and that the defendant was not required to set it up in his answer.

When a peaceable entry, not opposed by the mortgagor, is made for breach of the condition of a mortgage, without judgment, a memorandum or certificate thereof must be made upon the mortgage deed, signed by the mortgagor or the person claiming under him; or a certificate of two competent witnesses to prove the entry must be made and sworn to. The same must be duly recorded within thirty days, with a note of reference from each record to the other, if the mortgage is recorded in the same registry. And no entry is effectual under a mortgage, to foreclose the right of redemption, unless the certificate or affidavit is thus made and recorded. Gen. Sts. c. 140, §§ 1, 2.

It does not appear in this case which form of proceeding was followed, when the defendant entered to foreclose the first mortgage, but it is to be assumed that the provisions of the statute were complied with. The possession thus obtained in accordance with the directions of the statute is a possession under the particular mortgage described in the record, and cannot be extended to other mortgages held by the mortgagee, under which no entry appears by the record to have been made. The careful provisions of the statute are evidently intended to give notice to the owner of the equity, whenever an entry is made to foreclose a particular mortgage. Such notice implies that it is the intention of the mortgagee to keep the possession he has lawfully acquired under the mortgage for the term of three years. *Bennett* v. *Conant*, 10 Cush. 163, 167. His right to hold the possession must rest solely on the mortgage under which he has entered. And, in order to prevent the foreclosure, the mortgagor has to redeem, within three years, the mortgage only under which the entry has been made. The record of the entry under the first mortgage was no notice to the plaintiff of an entry or an intention to enter under the second. The requirements of the statute were not observed in regard to the second, and the possession obtained and held was only under the first.

The fact, that the defendant, in possession under the first mortgage, held a second on the same premises, which was over-

due, did not furnish any defence to a bill to redeem the first. The only issues to be tried in that case were the right to redeem that mortgage, and the amount due thereon. The right to redeem being established, and the amount due being ascertained and paid, the right to possession followed. The defendant had no title under the second mortgage, which could defeat the right to redeem the first; and what was due on the first could in no wise be affected by what was due upon the second. And we can see no reason why the mortgagee should be entitled to hold the possession under the first, until the amount due upon the second mortgage is ascertained and paid; or why the owner of the equity should be kept out of his premises and delayed in his redemption, until he has paid a second mortgage under which no entry has been made. The statutes make no provision for such a proceeding. The plaintiff having brought his bill to redeem the first mortgage, the defendant was obliged to meet him only on the issues presented by that bill. The decree discharged the estate only from the first mortgage.

A case is not presented here that comes within *Shears* v. *Dusenbury*, 13 Gray 292, cited by the plaintiff, where it was held that a judgment for the plaintiff on a writ of entry to foreclose a mortgage is conclusive in his favor against any title acquired by the defendant in that suit before it was begun.

By the terms of the report the case must go to a master.

*Decree accordingly.*

*J. G. Abbott*, for the plaintiff.
*H. W. Paine & R. D. Smith*, for the defendant.

