## JULIA DONOHUE *vs*. JAMES E. CHASE.

Essex. February 27, 1880. — January 4, 1881.

A sale of land, under a power contained in a second mortgage, of the entire estate, free from incumbrances, is invalid.

ENDICOTT, J. The defendant, having sold these premises, under a power of sale contained in a fourth mortgage, the plaintiff in this bill prays to have the sale declared null and void, and to be allowed to redeem the mortgage. At the time of the sale, the premises were subject to six mortgages; the fourth, fifth, and sixth being held by the defendant. The fourth mortgage recited the amounts of the prior mortgages; and no question is made that the notice of sale was in conformity to the terms of the power therein contained. The only question presented relates to the validity of the sale itself.

It appears from the report that the auctioneer, with the sanction of the defendant, notified those present at the sale that the terms were cash, and that the defendant would himself pay the prior mortgages; and the presiding judge has found " that the property offered for sale was not merely the right in equity which the plaintiff had to redeem from the defendant's mortgage, but the property was offered as if there was no previous mortgage or incumbrance of any kind, and that bids were made and received as if such was the fact." The property was struck off, for $3100, to an agent, through whom it was conveyed to the defendant.

A mortgagee has the right to sell, under a power contained in his mortgage, the whole title of the mortgagor and of himself in the land mortgaged; that is, he may sell the equity of redemption of the mortgagor, and such interest as is conveyed to him by the mortgage under which he sells. But he cannot sell the equity of redemption of the mortgagor by itself; nor can he sell an undivided portion of his interest in the land included in the mortgage. Such sales would pass no title to the purchaser, and would not affect the mortgagor's right to redeem, or the mortgagee's own right to foreclose. A proper execution of the power of sale contained in the mortgage requires the mortgagee to sell

all he is entitled to sell under it. *Fowle* v. *Merrill*, 10 Allen, 350. *Torrey* v. *Cook*, 116 Mass. 163. For the same reason that he has no power to sell less than the whole interest, he has no right to sell a greater interest than the mortgage gives him authority to sell. The defendant, therefore, in this case had power to sell according to the terms of his notice of sale and subject to the prior mortgages, but not to sell the estate as if there were no previous mortgages or incumbrances upon it, and require those present to bid as if such was the fact.

The defendant did not, at the time of the sale, own the prior mortgages, and it does not appear that the holders of those mortgages consented to the sale in that manner. We allude to this, not because we intend to intimate that, if the defendant had held the prior mortgages, or the holders of the same had consented to a sale in this manner, the sale would have been valid; but because it was contended in the argument that the defendant, having had negotiations with the holders of those mortgages, which afterwards resulted in their assignment to him, the entire premises were liable to be sold to satisfy the prior mortgages, as well as the mortgage under which the defendant sold.

In *Gerrish* v. *Black*, 122 Mass. 76, it was held that a mortgagee's right to hold possession must rest solely upon the mortgage under which he has entered, and that the record of entry under a first mortgage was no notice to the mortgagor of an entry or an intention to enter under a second mortgage also held by the mortgagee. From which it would seem to follow that, upon a notice of a sale under a second mortgage, the mortgagee is confined to a sale under that mortgage, and cannot sell under a prior or subsequent mortgage held by him. It is also to be observed that purchasers, having had notice only of a sale under a fourth mortgage of premises subject to prior mortgages, may not have been prepared to buy the whole premises for a sum which would extinguish the prior mortgages.

It has never been determined in this Commonwealth that a second mortgagee, having given notice of a sale under his mortgage, can sell the entire estate free from incumbrances, and require purchasers to bid a sum sufficient to pay all prior incumbrances.

In *O'Connell* v. *Kelly*, 114 Mass. 97, the second mortgagee had sold under his mortgage for a sum which, by the terms of the sale, included the amount due on the first mortgage. The owner of the equity of redemption brought an action to recover from him the amount received beyond what was necessary to satisfy his mortgage. And it was held that, as the plaintiff's action was in affirmance of the sale, the defendant could show that the amount of the consideration named in his deed included the amount due on the prior mortgage, and that the difference between these amounts was the amount he actually received on his mortgage debt.

In *Alden* v. *Wilkins*, 117 Mass. 216, a second mortgagee had caused an estate to be advertised and sold under his mortgage. At the sale the auctioneer stated the amount due upon the first mortgage, the value of the homestead of the mortgagor, the amount due on the second mortgage, the amount of the taxes unpaid, and called for bids above the amount of all these incumbrances; but no bids were made. He then called for the highest bid; and the attorney of the second mortgagee bid $3500, a sum less than the incumbrances named, at which price it was sold to him, but he paid no money. A few days after the sale he conveyed the estate to a third person, but received no money from her. The declaration alleged that the defendant had received $500 from the sale, which he was bound to pay the plaintiff as owner of the equity of redemption. It was said by the court, that, "whatever other objection the plaintiff might make to the proceeding, he shows no money had and received by the defendant to his use." And it was intimated that the evidence tended to show that the sale was voidable, and that the owner of the equity of redemption might disregard the attempted foreclosure, and redeem the premises from the second mortgage. But that question did not arise in the case; indeed, as the plaintiff claimed to be the owner of the equity, he could not have maintained his action and recovered any portion of the proceeds of the sale, except upon the ground that the sale was valid.

In *Morton* v. *Hall*, 118 Mass. 511, the action was against the indorser of a note secured by a second mortgage of real estate. The estate had been sold under the second mortgage; and the court being of opinion that the judge before whom the case had

been tried was warranted in finding as matter of fact that, by an agreement between the first mortgagee, the second mortgagee and the purchaser, the whole estate, and not merely the right of redeeming the land from the first mortgage, was put up, bid for, sold and conveyed, it was held that the first mortgage was to be paid out of the proceeds, and, if enough did not remain to satisfy the amount due upon the second mortgage note, the indorser on that note was liable for the balance. But the validity of the sale was not passed upon; and the defendant, being sued upon the note, did not undertake to treat the sale as wholly invalid, for then he would have had no defence to any part of the note. Treating it as valid, the proceeds must be distributed according to the terms of the sale.

In *Cook* v. *Basley*, 123 Mass. 396, a third mortgagee of land, which was subject also to a fourth mortgage, sold, under a power of sale contained in his mortgage, the entire title to the land, with the consent of the prior mortgagees, for a sum sufficient to pay the four mortgages; and it was held that the fourth mortgagee could maintain an action against him for money had and received. He could not deny the validity of the sale, and had no right to hold in his hands the money due on the fourth mortgage, for he was bound to pay the surplus to the assigns of the mortgagor according to their respective interests. The court in delivering judgment said: " The fact that the defendant, instead of selling the title mortgaged to him, subject to prior mortgages, sold the entire title to the land, does not affect the case; because that course might lawfully be, and is assumed by the report and the argument to have been, taken with the assent of the prior mortgagees, and the report shows that the fund in the defendant's hands is sufficient to pay them also." The whole case rests on the assumption that the sale was valid; and as between the defendant and the prior mortgagees it was a valid sale, for its terms had been agreed upon; and the fourth mortgagee, who treated it as valid, was entitled to the surplus. The language of the court must be construed as applied to the facts presented, and cannot be considered an adjudication that the sale was binding as against the mortgagor, or was strictly in conformity with the power contained in the mortgage. However that may be, it can have no application to this case, in which there was no

consent by the prior mortgagees to the terms of the sale.    See *Model Lodging House Association* v. *Boston*, 114 Mass. 133, 138.

Our conclusion is, that the sale was invalid; and, by the terms of the report, the case must go to a master to ascertain the amount due on the fourth mortgage.        *Decree accordingly.*

*D. Saunders & C. G. Saunders*, for the plaintiff.

*S. B. Ives, Jr. & S. Lincoln, Jr.*, for the defendant.