# LIPPMAN SELDNER, PETITIONER.

Middlesex, June, 1900.

*Mortgage—Foreclosure—Notice—Deed—Foreclosure of Second Mortgage Where First Mortgage Has Been Paid.*

There were three mortgages on the property involved in this case; the first from one Boland to Seldner dated Sept. 6, 1898, the second from one Waldron, successor in title to Boland, to Seldner dated December 14, 1898, and a third mortgage which was assigned to Seldner, who on December 9, 1899, attempted to foreclose it by sale. Meantime the first mortgage had been paid, and on June 28, 1899, had been discharged of record. The notice of sale and foreclosure of the third mortgage recited that the premises would be sold subject to two mortgages, but the foreclosure deed was of the land as described in the third mortgage, and subject to nothing. On February 27, 1900, Seldner also made a fore-closure sale under the second mortgage. The notice for this sale described the premises as in the mortgage deed, " subject to a mortgage given by Thomas Boland to said Lippman Seldner for $2,000 " with date and book and page of record, and then went on with the recital that " said mortgage given by Thomas Boland to Lippman Seldner has been discharged and is no longer an incumbrance on the premises." The deed was of the estate described in the mortgage, and was made " subject to the same mortgage therein set forth."

The Examiner objects to both notices of sale, on the ground that they recite a prior incumbrance which as a matter of fact had been discharged, and further objects to the notice of foreclosure of the second mortgage on the ground that the

recital of a prior mortgage followed by a recital that it has been discharged, is confusing to laymen and open to the construction that some one might claim that the original mortgage, though purporting to be discharged, was really outstanding, thereby tending to discourage bids at the sale.

The point is one on which there seems to be great diversity of practice, and much difference of opinion among conveyancers. It is frequently asserted that a mortgagee, like any other property owner, can only sell what he has got. But a foreclosure sale is not per se a sale by the mortgagee at all. Neither is it, nor does it even purport to be, a sale by an owner of an estate as then existing. It is purely the execution of a power, a power to sell the estate described in the mortgage.

If the estate described in the mortgage and purporting to be conveyed thereby is an entire estate, a sale of an equity of redemption is void as a foreclosure, because it is not in accordance with the power. Fowle v. Merrill, 10 Allen 350. If, on the other hand, the mortgage is of an equity of redemption only, a sale of the entire estate is invalid because it likewise is not in execution of the power. Donahue v. Chase, 130 Mass., 137. Dearnaley v. Chase, 136 Mass., 288.

Whatever confusion has arisen in regard to the matter seems to have come partly from variance from the exact terms of a simple power, partly from a misunderstanding of certain decisions, and partly from a very proper desire that both notice and sale shall be in accordance with the actual facts and the real interests of the parties. There is also a marked distinction to be observed between cases in which the grant is made subject to a prior mortgage, and cases in which the prior mortgage is merely recited in the covenants. See Ayer v. Brick Co., 159 Mass., 84.

While a foreclosure sale is not per se a sale by the mortgagee of his interest in the estate, it nevertheless is desirable that it should operate to pass that interest, and it usually

does so, by virtue of the addition in the foreclosure deed of express phraseology apt for that purpose, usually the phrase " and of every other power me hereto enabling." If such phraseology be omitted, there is nothing in a straight deed made in execution of the power of sale contained in an ordinary mortgage which will pass anything except what is strictly covered by the power. Torrey v. Cook, 116 Mass., 163. Hermanns v. Fanning, 151 Mass., 1, 5. So where there have been partial releases, the practice is either to describe the property as in the mortgage, with a recital as to partial release, or to describe the estate as it exists at the time of the notice and sale. But the standard form of mortgage expressly provides in the power itself for this latter contingency.

It is sometimes said that whether the entire premises be sold, or only the equity, is a mere matter of convenience of the parties; citing Morton v. Hall, 118 Mass., 511. Cook v. Basley, 123 Mass., 396. These two cases are pure cases of estoppel however, not intended to in any way encroach on the ordinary rule as to the execution of powers. Donahue v. Chase, 130 Mass., 137, 140. Rogers v. Barnes, 169 Mass., 179, 184.

Finally it is said that a mortgagee is under almost fiduciary relations to the owner of the equity, that he must observe the best of faith toward him, and secure a full and fair sale. Unquestionably he is bound to treat his mortgagor fairly, and one rule for such fair treatment is a strict observance of the power of sale. His only interest in the property is under the power and over the estate as set forth in the mortgage. With the state of the title thereafter he is not usually concerned. What the mortgagor does with the equity is not as a rule any of his business. Model Lodging House Association v. Boston, 114 Mass., 133, 138. Silva v. Turner, 166 Mass., 407, 412. In fact, the mortgagee cannot tell what the mortgagor's real interest is merely from the record. Perhaps his first mort-

gage note is merely accommodation paper, perhaps he has an arrangement with his first mortgagee to subordinate his mortgage to the second, or to have it otherwise taken care of. If he has given full covenants in a second mortgage, this is more than likely to be the case. By a sale of the equity only, instead of a sale of the entire premises, he might be deprived of the very money needed to satisfy the first lien. At all events, it is clear that the purchaser would pay less than the property is worth by the exact amount of the first mortgage. It may be proper and fair to purchasers to state at the foreclosure sale that there is a prior mortgage on record, but the sale itself must be of that, and that alone, which the mortgagee has been given a power to sell. So where the first mortgage has been paid or partially paid, it may be to the advantage of both equity holder and mortgagee that the facts be stated as they exist. But the mortgagee if he makes absolute statements, makes them at his peril, and unless he wants to create a title which must depend for its validity on estoppel arising from facts outside the record, he must see to it that both in his notice and his sale he conforms literally to his power.

In the case at bar the foreclosure of the third mortgage was clearly bad. Conversely I think the foreclosure of the second mortgage good, and the notice not only not misleading, but on the contrary, in accordance with the best practice.

Decree for petitioner.