HAROLD D. FEUER *vs.* ROSIE CAPILOWICH.
ALFRED SNYDER & others *vs.* HAROLD D. FEUER.

Worcester.    September 26, 1922. — October 10, 1922.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Mortgage,* Of real estate: mortgagee's sale. *Estoppel. Evidence,* Competency.

The owner of a second power of sale mortgage upon real estate for $4,700 subject to a first mortgage for $4,000 advertised the property for sale for breach of condition of his mortgage. The advertisement stated that the sale would be held on "Tuesday, November 25, 1921." November 25, 1921, was a Friday. The advertisement also stated that the premises to be sold were "subject to a first mortgage of . . . $4000 . . . and a second mortgage of . . . $350," and that the premises would "be conveyed, subject to all mortgages of record, taxes, municipal liens, assessments, and any and all encumbrances which have priority over this mortgage." There was no "second mortgage of $350" upon the property. On Friday, November 25, a sale was held, the auctioneer, the plaintiff, his attorney, the owners of the equity of redemption and their attorney being present. The advertisement was read by the auctioneer and he called for bids. The mortgagee bid $4,000. The attorney for the owner of the equity of redemption asked the mortgagee what the amount of his interest in the property was and, being told $4,700, he bid that sum. The mortgagee then bid $5,000 and, there being no more bids, the auctioneer declared the property sold to the mortgagee, to whom he then said, "I want your check for $300," and, after some discussion, the mortgagee gave him that sum. No further explanation of the sale was given by the auctioneer and no questions were asked by any of the parties until after the auctioneer had declared the property sold to the mortgagee. *Held,* that

(1) The advertisement was unmistakable and unambiguous in its declaration that the property offered for sale was the title of the mortgagor subject to the first mortgage and the specified liens and encumbrances;

(2) The sale was in conformity with the advertisement and the power of sale in the mortgage;

(3) A sale of the whole property without the assent of all parties in interest would have been void;

(4) It must be assumed as a matter of law that the mortgagee intended to

sell the interest of the mortgagor and his own interest in the property under the power; and he was estopped to claim any other understanding or intent for his own act in exercising the power and in becoming a purchaser at the sale, which was had in his presence and under his own supervision;

(5) In a suit in equity in which the validity of the sale was in question, evidence was inadmissible tending to show that, in making his bids, the mortgagee thought he was "bidding these sums for the whole property and did not intend to bid these amounts above the amount of the first mortgage;"

(6) In the circumstances, the errors in the advertisement as to the day of the week upon which the sale was to be held and as to the second mortgage for $350 did not render the sale void;

(7) The sale was valid;

(8) The purchasing mortgagee was bound to account to the junior mortgagee for the net proceeds of the sale beyond the amount secured by the mortgage under which the sale was made.

BILL IN EQUITY, filed in the Superior Court on December 28, 1921, by Harold D. Feuer against Rosie Capilowich, seeking to reach and apply, in satisfaction of a debt alleged to be owed by the defendant to the plaintiff secured by a mortgage upon premises numbered 85–87 Ingleside Avenue in Worcester, a mortgage note and mortgage to the defendant upon property 64–68 West Boylston Street in Worcester, owned by the plaintiff; also a

BILL IN EQUITY, filed in the Superior Court on December 31, 1921, against the plaintiff in the first suit by Alfred Snyder and Celena Snyder, the record owners of the title, subject to mortgages, in the Ingleside Avenue property, Rosie Capilowich, and Thomas Lakin, the holder of a junior mortgage therein, alleging that Feuer had taken possession as mortgagee of the Ingleside Avenue property and later had sold it at a mortgagee's sale for more than the amount of his mortgage, and seeking an accounting by him and that he be required to make and record a deed to himself as purchaser at his mortgagee's sale.

In the Superior Court, the two suits were referred to the same master, and were heard together by him. Material findings of the master and exceptions to his report are described in the opinion. The exceptions were heard by *Sanderson, J.,* by whose order there were entered in both suits an interlocutory decree overruling the exceptions and confirming the report, in the first suit a final decree dismissing the bill with costs, and in the second suit a final decree adjudging the mortgagee's sale by Feuer of the premises on Ingleside Avenue to have been valid, directing him to execute and record a deed in accordance therewith, to return the mort-

gage note to Rosie Capilowich, to pay to the junior mortgagee Lakin $58.33, and to pay the plaintiff's costs. Feuer appealed from all the decrees.

*W. C. Foley*, for Feuer.

*M. M. Taylor*, for Capilowich and Snyder.

PIERCE, J. These are two suits in equity growing out of the same facts. · Upon the completion of the pleadings the causes were referred to a master "to hear the parties and their evidence and report his findings to the court together with such facts and questions of law as either party may request."

The first suit was brought to have established the claim of the plaintiff that the defendant owed him on October 1, 1921, $150, as principal, and $164.50 as interest due upon a mortgage of $4,700, given to the plaintiff by the defendant on April 1, 1921. The bill alleges that the defendant has conveyed away all property that she owns which can be attached at law, with the intent and purpose of defrauding the plaintiff of legal means or remedy of recovery for the satisfaction of any judgment that he may obtain against the defendant, unless the plaintiff can secure the interest of the defendant in a mortgage and note held by her upon certain premises purchased by the plaintiff subject to such mortgage.

The facts in reference to the alleged indebtedness of the defendant to the plaintiff upon the mortgage of April 1, 1921, above referred to, as found by the master in substance are as follows: The defendant defaulted in the payments due on the mortgage. The plaintiff undertook to foreclose the mortgage under the power of sale contained therein, and advertised the foreclosure sale to take place on November 15, 1921, but abandoned the sale on account of some inaccuracy in the advertisement. He then published another notice of foreclosure sale to take place "on Tuesday, November 25, 1921, at 9.30 o'clock in the forenoon." The advertisement stated that the premises were "subject to a first mortgage of four thousand dollars ($4000) . . . and a second mortgage of three hundred fifty dollars ($350)," and that "The above premises will be conveyed, subject to all mortgages of record, taxes, municipal liens, assessments, and any and all encumbrances which have priority over this mortgage." On Friday, November 25, 1921, a duly licensed auctioneer proceeded to the premises with an at-

torney at law representing the plaintiff mortgagee. Before the sale was started upon the premises there were also present the plaintiff and an attorney at law representing the Snyders who were plaintiffs in the case tried with the suit of the plaintiff Feuer, and who then were the title holders of this property. Shortly before nine-thirty A.M. the auctioneer read the advertisement of sale which was to have taken place on November 15, 1921, and later abandoned. This advertisement differed from the advertisement of sale to take place on November 25, 1921, only in the fact that the date in the advertisement read Tuesday, November 15, 1921, instead of Tuesday, November 25, 1921. After reading the advertisement the auctioneer said "'What am I bid for the property?' Feuer, the mortgagee then said, 'I bid $4,000.' Mr. Simard, attorney for the Snyders, then asked Mr. Feuer what the amount of his interest in the property was, and Feuer replied, 'Forty-seven hundred ($4700) dollars.' Simard then said 'I bid forty-seven hundred dollars.' Feuer, the mortgagee, then bid five thousand dollars." No more bids were made by any one, and the auctioneer declared the property sold to Feuer, the mortgagee. The auctioneer said to the mortgagee "I want your check for three hundred dollars" and after some discussion between Feuer and his attorney, Feuer made a check for $300 to the auctioneer and gave it to him. No further explanation of the sale was given by the auctioneer and no questions were asked by any of the parties present until after the auctioneer declared the property sold to the mortgagee.

After the sale the mortgagee did not give a deed to himself of the property; he treated the sale as invalid, advertised a foreclosure sale of the property for an alleged breach of the mortgage, and began this pending suit by his bill filed December 28, 1921. Thereupon the plaintiffs in the second suit, as owners of the equity of redemption if the foreclosure sale was invalid, brought this pending suit by bill filed on December 31, 1921, to enjoin the mortgagee, Feuer, from selling the property as advertised; to compel Feuer to make, execute and deliver to himself as purchaser at the sale of November 25, 1921, a foreclosure deed of the said premises in the usual form; and to make an accounting to any of the plaintiffs as their rights may appear. As above stated this last suit was referred to a master and was heard under the

rule with the hearing of the first suit. The master made a single report covering both cases to which in its final form no objections were taken by Capilowich, the Snyders or Laken, as defendants in the first suit or as plaintiffs in the second. The plaintiff in the first suit and defendant in the second suit, Feuer, in each case took two objections identical in form to the master's final report, as follows:

"1. And the respondent objects to the exclusion of evidence of Feuer's understanding and intention of what he was bidding for the property and whether he bid for the property or the equity of redemption.

"2. And the respondent objects to the exclusion of Feuer's testimony as to the conversation at the auction immediately following the bidding."

Feuer also made certain requests for rulings of law which the master refused to make as not within his province to make. Founded upon his objections and the refusal of the master to make the requested rulings of law, Feuer duly filed exceptions. The Superior Court overruled the plaintiff's exceptions in the first case and the defendant's exceptions in the second case and confirmed the master's report. Feuer, as plaintiff in the first case and as defendant in the second case, appealed from the order overruling his exceptions and also from the final decree entered in each case.

The exception, founded upon the objection to exclusion by the master of the testimony of the mortgagee and purchaser at the sale, "that in making the bid of $4,000 and later of $5,000, he thought he was bidding these sums for the whole property and did not intend to bid these amounts above the amount of the first mortgage which was $4,000;" as also the exception to the exclusion of his testimony that immediately upon giving the check for $300 to the auctioneer after the property was struck off to him he made statements to his attorney, Benjamin, directing him to bring suit against Rosie Capilowich for $3,700, must be overruled. The advertisement of foreclosure was unmistakable and unambiguous in its declaration that the property offered for sale was the equity of redemption in the premises conveyed in mortgage to Feuer, that it was the title of the mortgagor, subject to an outstanding first mortgage of $4,000, and to all taxes, municipal liens, assess-

ments, and any and all incumbrances which had priority over the mortgage title of Feuer. The advertisement and sale of the interest of the mortgagee in the premises subject to prior encumbrances were in conformity to the power of sale contained in the mortgage; and a sale of the whole property without the assent of all parties in interest would have been void. *Donohue* v. *Chase,* 130 Mass. 137. *Fowle* v. *Merrill,* 10 Allen, 350. *Torrey* v. *Cook,* 116 Mass. 163. It must be assumed as a matter of law that the mortgagee intended to sell the interest of the mortgagor and his own interest in the property under the power; and he is estopped to claim any other understanding or intent of his own act in exercising the power and in becoming a purchaser at the sale, which was had in his presence and under his immediate supervision.

It is the claim of Feuer, mortgagee and purchaser, that the final decree dismissing his bill with costs was erroneous because, as a matter of law, upon the facts found by the master the foreclosure sale was void. He rests his position upon the admitted fact that the sale was advertised for Tuesday, November 25, while the real week day upon which November 25 fell was Friday. He also in support of his contention relies upon the admitted fact that the statement in the advertisement of sale that the premises were "subject to a . . . second mortgage of three hundred fifty dollars ($350)," was not true as this mortgage had been previously discharged. In the circumstances disclosed such a result should not follow: the several advertisements were prepared by the mortgagee or under his direction; all interested parties attended the sale on November 25, the day of the month advertised for the sale; and the reading by the auctioneer of the advertisement of the sale for November 15, instead of that for November 25, which differed the one from the other in no material respect other than the date set down for sale, is not alleged to have prejudiced the mortgagor or any person interested. As regards the inaccuracy of statement in respect to the $350 mortgage, it is found by the master that all parties in interest knew that this mortgage had been discharged previously to the day of sale, and it further appears that the mortgagor and all persons in interest, other than the mortgagee, in open court waived any defects or irregularities in the sale and agreed "to make, or join in, any deed or other

instrument which may be necessary or desired to confirm the foreclosure sale which took place on November 25, 1921. . . ."

The defendant does not argue the exceptions taken in the second case other than those above considered; they accordingly must be taken to be waived. It results that in each case a decree should be entered affirming the decree with costs.

*Decrees accordingly.*