Louis A. Chute, trustee in bankruptcy, *vs.* John C. Cronin.

Middlesex.   October 9, 1930. — December 11, 1930.

Present: Rugg, C.J., Crosby, Pierce, Sanderson, & Field, JJ.

*Equity Jurisdiction,* For accounting by mortgagee after foreclosure sale. *Mortgage,* Of real estate: foreclosure.

In a foreclosure of a second mortgage of land, the notice of sale stated that the property would be sold subject to the mortgages of record; that a certain sum in cash must be paid at the time of the sale and that " the balance over and above the first mortgage must be paid

in or within" thirty days. At the sale the second mortgagee, the only bidder, bid in the property for a sum which was substantially larger than the amount due on the second mortgage, but slightly less than the combined amounts due on the first and second mortgages, and received a deed. In a suit in equity by a trustee in bankruptcy of the mortgagor against the second mortgagee for the surplus of the amount bid over the amount due on the second mortgage, it was *held*, that

(1) The statement in the notice of sale was not an announcement which imported that the sale was intended to and would include the first mortgage: properly construed, it informed bidders that the cash price to be paid by the purchaser of the equity of redemption was to be ascertained by finding the difference or balance between the amount bid and the amount due on the first mortgage;

(2) There was nothing to show that the defendant, because of his bid at the sale and of the sale to him, acquired an excess of money which in equity and good conscience he should pay to the mortgagor;

(3) The bill must be dismissed.

BILL IN EQUITY, filed in the Superior Court on July 30, 1927, and described in the opinion.

The suit was heard by *Greenhalge*, J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). Material facts and a final decree entered by order of the judge are described in the opinion. The defendant appealed.

*W. B. Grant*, (*J. C. Cronin* with him,) for the defendant.
*H. P. Johnson*, for the plaintiff.

PIERCE, J. This case is before this court on the appeal of the defendant from "the findings of fact and order for a decree" by a judge of the Superior Court, ordering the defendant to pay to the plaintiff a sum of money with interest. The evidence was taken by an official court stenographer and is set down in the appeal record. The issue presented by the appeal is whether the defendant can be held to pay the plaintiff, as trustee in bankruptcy of George Albert Dickie, a sum of money which it is claimed was the excess amount bid by him on a foreclosure sale of property in Billerica, Massachusetts, under a second mortgage to the defendant from said Dickie.

The material facts are as follows: George Albert Dickie was duly adjudicated a bankrupt by the District Court of the United States for the District of Massachusetts on November 27, 1925, and the plaintiff was duly appointed trus-

tee in bankruptcy of said Dickie on December 18, 1925, and duly qualified by giving bond.   On January 24, 1925, Dickie had made a mortgage of certain real estate in Billerica to the defendant to secure the payment of $1,500.   The mortgage stated that the premises were subject to a prior mortgage held by the Woburn Co-operative Bank in the principal sum of $2,400.   On September 29 and October 5 and 12, 1925, the defendant duly published a notice of the foreclosure of the mortgage.   The notice stated that the " Said premises will be sold subject to mortgages of record, the exact amount due on which will be given at the time and place of sale . . . . Five hundred Dollars in cash must be paid at the time and place of sale and the balance over and above the first mortgage must be paid in or within 30 days from date of sale at the place where deed to premises should by law be recorded unless some other place is agreed upon."   On October 29, 1925, pursuant to the notice, a sale of the premises was made by a licensed auctioneer, under the guidance of the mortgagee, an attorney at law.   The auctioneer read the mortgagee's notice of sale at the sale.   It does not appear how many persons attended, but the defendant was the only bidder.   He bid at first a very small amount and then $3,500, and the premises were sold to him as the highest bidder.   A deed was duly made thereof from the defendant, as mortgagee, to himself as an individual, which was duly recorded on November 5, 1929.   He made no accounting to the mortgagor of the surplus remaining after satisfying his mortgage, and the plaintiff, as trustee in bankruptcy of Dickie's estate, brings this bill of complaint to reach the surplus, if any, remaining in the defendant's hands.

The defendant in his answer alleged, and at the trial, subject to the exception of the plaintiff, was allowed to testify, as follows:   " The total amount of my mortgage and incidental expenses was $1,642.95, and the total amount of the Woburn Co-operative mortgage at that time was $2,121.24; and I bid at the sale $3,500, meaning and intending to absorb the Co-operative Bank mortgage of $2,121.24 and the debt that . . . [Dickie] owed me at that time, which made a total of $3,764.19.   There was an actual deficit of $264.19

between the $3,500 bid and the $3,764.19 total first and second mortgages." The receipt of this evidence as we view it could make no difference in the result which the court was required to reach. We, therefore, put to one side the question of its admissibility.

We are of opinion that the provision in the advertisement, which was read at the sale, that " Five hundred Dollars in cash must be paid at the time and place of sale and the balance over and above the first mortgage must be paid in or within 30 days from date of sale," was not an announcement which imported that the sale was intended to and would include the first mortgage, and that, properly read, it informed bidders that the cash price to be paid by the purchaser of the equity of redemption was to be ascertained by finding the difference or balance between the amount bid and the amount due on the first mortgage. It is to be noted that a sale of the entire estate free from encumbrances without the assent of all prior parties in interest would be voidable. *Donohue* v. *Chase,* 130 Mass. 137. It is also to be noted that the owner of the equity of redemption could not recover any surplus of the defendant except upon the ground that the sale was valid. *Alden* v. *Wilkins,* 117 Mass. 216. *Cook* v. *Basley,* 123 Mass. 396.

This case is distinguishable in its facts from *Feuer* v. *Capilowich,* 242 Mass. 560, which is relied on by the plaintiff, in that in that case on the facts it was assumed, as matter of law, that the mortgagee intended to sell the interest of the mortgagor and his own interest in the property under the power; and it was ruled that he was estopped to claim any other understanding or intent of his own act in exercising the power and in becoming a purchaser at the sale, which was had in his presence and under his immediate supervision. It is also distinguishable from *Antonellis* v. *Weinstein,* 258 Mass. 323; in that case the bid was intended to cover and pay two prior mortgages.

There is nothing in the case at bar which would justify a ruling that the defendant, because of his bid at the sale and of the sale to him, acquired an excess of money which in equity and good conscience he should pay to his mortgagor

or to the trustee in bankruptcy of the mortgagor. The entry must be, decree reversed and bill of complaint dismissed with costs.

*Ordered accordingly.*